IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 07-40065-01-RDR**

KIMBERLY D. CROCKER,

        Defendant.

**O R D E R**

On September 14, 2007 the court sentenced the defendant. The purpose of this order is to memorialize the rulings made at that hearing.

The defendant entered a plea of guilty to embezzlement in violation of 18 U.S.C. 641. The defendant embezzled $13,222.44 from the United States Postal Service while she was employed as the Postmaster at Falun, Kansas. Following the preparation of the presentence report, the defendant sought a downward variance based upon the following matters: (1) an amendment to the sentencing guidelines, which becomes effective on November 1, 2007, would lower defendant's guideline range; (2) the defendant needed money to meet medical and daily living expenses; and (3) the defendant's intent to repay the embezzled money. The defendant has also noted the following: (1) her extreme remorse; (2) her need for continued mental health treatment; (3) her efforts to better herself through a college education; and (4) her responsibilities as a parent and

step-parent. The government initially objected to a downward variance but, at sentencing, it indicated that it had no objection after learning that the defendant had been incarcerated on a previous embezzlement conviction.

The defendant's offense level is 10 and her criminal history category is III. The applicable guideline range is 10 to 16 months.

Having carefully considered the defendant's background, the offense in this case, and the arguments of the parties, the court believes that a downward variance is appropriate. The court understands, based upon United States v. Booker, 543 U.S. 220 (2005), that the sentencing guidelines are no longer mandatory. In determining the sentence to be imposed, the court has carefully consulted the application of the guidelines and taken them into account. The court has decided that the appropriate sentence for this case is two years probation. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant. Finally, the court has considered the need to avoid

unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS THEREFORE ORDERED** that defendant's motion for a downward variance be granted.  The defendant shall be sentenced to a term of probation of two years.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2007 at Topeka, Kansas.

>                         s/Richard D. Rogers
>                         United States District Judge